**AFFIDAVIT**

I, James McFeely, a Postal Inspector with the United States Postal Inspection Service (USPIS), being duly sworn, depose and state:

**INTRODUCTION:**

1. I am a Postal Inspector with the United States Postal Inspection Service, in Tucson, AZ, and have been employed as such since July of 2019. I received the Agent to Inspector training course upon my hiring with the United States Postal Inspection Service here at the Phoenix Division. I received training related to violations of federal law including assaults, robberies, and criminal investigations of narcotics trafficking via the United States Mail. Prior to becoming a Postal Inspector, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives in Cleveland, Ohio for four years and as a United States Border Patrol Agent in several duty locations for approximately 16 years. Throughout my law enforcement career, I have had extensive training and experience investigating a variety of criminal violations including controlled substances. During my 25-year career as a Federal Law Enforcement Officer, I have been involved in numerous criminal investigations which have resulted in arrests, recovery of evidence and seizure of property. I have also written and executed numerous search warrants resulting in the seizure of thousands of dollars and controlled substances.

**DESCRIPTION OF SUBJECT PARCEL:**

2. This affidavit is made in support of an Application and Affidavit for Search Warrant for a United States Postal Service (USPS) Priority Mail Express (PME) parcel. The parcel has tracking number EI 324 063 175 US, with $32.25 in postage, postmarked from Nogales, Arizona on May

28, 2025. It has a return address of "2133 N Grand Ave TLRL #40 85621" and is addressed to "Justin Colarusso 26 Elm St Douglas, MA 01516". The article consists of a white padded flat rate envelope measuring approximately 9.5" x 12.5" and weighs approximately 11 ounces. It is hereafter referred to as "SUBJECT PARCEL 1".

## BACKGROUND ON USPS DRUG INTERDICTION IN SOUTHERN ARIZONA AND THE USPS DRUG MAIL PROFILING PROGRAM:

3. From my training, personal experience, and the collective experiences related to me by other Postal Inspectors who specialize in investigations relating to the mailing of controlled substances and the proceeds from the sale of controlled substances, I am aware that the southern Arizona international border is a leading area for the entry of controlled substances from Mexico into the U.S. Based on the large quantities of controlled substances entering southern Arizona, controlled substances are frequently transported from southern Arizona via the United States Mail to areas across the United States, primarily to the large metropolitan areas in the eastern United States and Puerto Rico. It is also common for the proceeds from the sale of the controlled substances to be sent to southern Arizona via the United States Mail. By using the U.S. Mail to ship controlled substances, these drug traffickers put unknowing postal employees who handle and deliver those mailings at risk.

4. Based on the frequent use of the United States Mail for the shipment of controlled substances from southern Arizona and California, Postal Inspectors in Tucson and other locations near the southwest border routinely observe inbound and outbound mail articles for suspicious characteristics common to mailings of drugs and drug proceeds. While there are many characteristics that experienced inspectors look for, the most common characteristics found are:

    a. Suspected parcels are mailed to or from known drug destination areas, primarily the large metropolitan areas in United States and Puerto Rico.

    b. The sender names and addresses on drug or drug proceeds parcels routinely contain misspellings, incomplete, inaccurate, unauthorized and/or fictitious information.

    c. A tracking number is used to provide the trafficker the ability to track the parcel's progress to the point of delivery.

    d. The postage was paid with a means which leaves no trail identifying the mailer.

5. Parcels found to meet some or all of the suspicious characteristics described in subsections "a" through "d" of this paragraph are further investigated by Postal Inspectors.

**INVESTIGATIVE DETAILS:**

6. Postal Inspectors routinely profile inbound and outbound mail articles for suspicious characteristics common to drug parcels and proceeds. On May 29, 2025, during drug and proceeds interdiction activities, Inspectors were made aware of a suspicious parcel mailed from Nogales and destined for Douglas, MA. Upon further examination the parcel exhibited multiple characteristics associated with parcels containing a controlled substance.

7. On May 30, 2025, I received SUBJECT PARCEL 1 and learned the following:

    a. It was mailed from Nogales, Arizona, which is an area I know to be a destination for drug parcels and a source area for proceeds from the sale of those drugs. It was mailed to Massachusetts which is a known destination state for controlled substances.

    b. It had a tracking number. From my experience, I know that nearly all drug and drug proceeds parcels bear tracking numbers allowing the sender and receiver to track the progress of the shipment from origination to destination.

    c. There were no phone numbers listed on the mailing label.

    d. The parcel was paid for in cash.

8. On May 30, 2025, I accessed "Thomson Reuters CLEAR" to check for records of the names and addresses listed on SUBJECT PARCEL 1. Thomson Reuters CLEAR is an online service that provides an extensive collection of public records used primarily by corporate security departments and law enforcement agencies nationwide for investigative purposes. There was no name provided in the sender block to associate with the corresponding address listed on the parcel. Justin Colarusso did associate at the recipient address.

9. Canine Examination:

    a. On June 2, 2025, at approximately 7:40 a.m., United States Postal Inspector William Akins met with Supervisory Border Patrol Agent Canine Handler Ray Herrera and his canine partner Dell. Agent Herrera's canine is trained and certified to detect the odors of marijuana, heroin, cocaine, methamphetamine and their derivatives. Inspector Akins placed SUBJECT PARCEL 1 in a cleared area for examination by Agent Herrera and Dell. Agent Herrera informed Inspector Akins that Dell alerted to SUBJECT PARCEL 1 indicating the presence of narcotics or a controlled substance, or other evidence with an odor of narcotics or a controlled substance within the parcel.

10. Based on the facts set forth in this affidavit, I believe there is probable cause to show that SUBJECT PARCEL 1 contains controlled substances and/or proceeds from the sale of controlled substances, constituting evidence of violations of 21 U.S.C. § 841 (a) (1), Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 843 (b), Unlawful Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance, and 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance.

11. This affidavit is submitted for the limited purpose of seeking authorization to search SUBJECT PARCEL 1. Your Affiant has not set forth each and every fact known to him regarding the investigation.

*James McFeely*
James McFeely
United States Postal Inspector

Subscribed and sworn to me telephonically on this 2nd day of June, 2025

*Maria S. Aguilera*
Maria S. Aguilera
United States Magistrate Judge